John H. Pennock, J.
This is a determination following a hearing on notice of an application for a preliminary injunction and temporary restraining order. (CPLR 6301.) The application is not based upon an action pending, but rather, as stated by counsel for the petitioner, in the nature of prohibition pursuant to article 78 of the CPLR. It should be commenced, as it was, by a show cause order and a verified petition accompanied by supporting affidavit. (CPLR 7801.) The court required that notice be given to the respondent public officials. (CPLR 6313.)
On the return date, November 24,1967, a motion was made by Local 223 and Building Service Employees Local 456 of the Teamsters to intervene. There was no serious objection by any party and the court granted the motion accordingly.
It is necessary to review some facts on this application as the judgment of the court, on this preliminary motion, shall be of serious import to the parties. The Legislature of the State of New York enacted the Public Employees’ Fair Employment Act, article 14 of the Civil Service Law, commonly referred to as the Taylor Law, and the court shall refer to the law as the Taylor Law in this decision.
*251 The petitioner, New York State Employees Council 50, American Federation of State, County and Municipal Employees, AFL-CIO, by William F. Buss, its president, and the intervenors, hereinafter referred to as the ‘ ‘ petitioners ’ ’, bring the primary proceeding to restrain the respondents, Nelson A. Rockefeller, as Governor of the State of New York, Alton G. Marshall, T. N. Hurd and Ersa H. Poston, as members of the State Negotiating Committee, the Civil Service Employees Association by Dr. Theodore C. Wenzl, its president, and the State of New York, from entering into or conducting negotiations for a collective agreement, and from signing or effectuating any such agreement pending a final determination of the petition for certification filed by Council 50 now before the Public Employment Relations Board, and why this court should not issue a temporary stay pending a final determination of this proceeding.
In order for this court to grant a stay the petitioner mnst show that immediate and irreparable injury, loss or damage will result unless the respondent is restrained before a hearing can be had. (CPLR 6313.) In this proceeding the main thrust of the petition is to restrain the Governor of the State and a committee appointed by him from negotiating with the Civil Service Employees Association on November 27, 1967, on the basis that the Governor did not follow the intent and purpose of section 207 of the Taylor Law when he publicly recognized the Civil Service Employees Association (CSEA) as the representative for all purposes of collective negotiation of 124,000 State employees in one general negotiating unit of virtually all State employees. The petitioner contends that the Governor’s decision was not based upon evidence as required by subdivision 2 of section 207, and here is exactly where the crux of the matter lies.
An injunction, temporary or permanent, will not be summarily issued against public officials (the Governor) for the courts shall not presume that the Governor will fail or refuse to perform his duties. The respondent Governor “ is immune from interference by judicial process and free from judicial control in his performance of executive powers.” (See Matter of Donnelly v. Roosevelt [Matter of Walker], 144 Misc. 525, 532 and cases cited.) The source of his rights, powers, duties and privileges as chief executive of the State is found in the Constitution (art. IV) or in the laws enacted by the Legislature under the Constitution. It has been held that the chief executive is not immune from suit to prevent him from acting under color of authority, purported to be given (the power) by an unconstitutional enactment, in such a manner as to infringe the constitutional right of individuals (see Gaynor v. Rockefeller, 21 A D 2d 92 for discus *252 sion and cases cited p. 99 — affd. 15 N Y 2d 120), or that an executive acts in excess of legal authority. However, I shall not pass upon whether he can he a party in this proceeding, as the only question at this juncture is whether or not he can be stayed. Here the Governor is not acting without authority in statute. (§ 207.) He has done exactly what the statute has authorized him to do, i.e. “ ascertain the public employees’ choice of employee organization as their representative * * * on the basis of dues deduction authorization and other evidences ’ ’. If the Legislature desired that he be bound by a more stringent regulation, such as a designation from each employee, then it could have simply so stated in the law. Further, the Legislature provided for an election if necessary and apparently the Governor in his discretion did not think an election would be in the interest to promote harmonious and co-operative relationship between government and its employees and to protect the public. (See statement of policy by the Legislature in section 200.)
The petitioners on oral argument state that they have submitted objections to the Governor’s designation to the Public Employment Relations Board (§ 205), and this proceeding is still pending. It would seem that to grant a stay of the executive process at this point would be an abortive attempt by the court to disrupt the orderly process as designed by legislative process and déprive not only the executive function of its powers, but also to inject itself into an administrative proceeding still pending without basis in fact or law.
In short this court cannot assume the prerogative to judge an executive decision of the Governor which is made under legal and rightful power bestowed by the Constitution and statute.
Accordingly the application for a stay is denied.
The matter is set down for the next Special Term at Albany for any further consideration on the merits.